**Jin CHEN, Petitioner,**

v.

**Alberto R. GONZALES, United States Department of Justice, Attorney General, Respondent.**

No. 05–5755–ag.

United States Court of Appeals, Second Circuit.

July 31, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas, Suzanne Bradley, Assistant United States Attorney, Houston, TX, for Respondent.

Present RALPH K. WINTER, B.D. PARKER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Jin Chen, though counsel, petitions for review of the BIA order affirming the decision of Immigration Judge ("IJ") Adam Opaciuch, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirmatively adopts the decision of the IJ and issues a short opinion that merely restates the IJ's reasoning, this Court reviews only the IJ's decision. *See Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). The IJ's factual findings are reviewed under the substantial evidence standard, and those factual findings will only be overturned if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales*, 331 F.3d at 307.

We agree with the IJ's finding that Chen did not suffer past persecution in China. Chen had only one encounter with the village official, when she was asked whether she was a Falun Gong practitioner. Despite her refusal to answer, she was not arrested at that time, nor was she arrested at any other point. Chen correctly asserts that one can be granted asylum based on economic persecution, but the

IJ's finding that she did not suffer past economic persecution is supported by substantial evidence. Economic deprivation may constitute persecution under some circumstances, but petitioner must offer some proof that she suffered "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 67, 70 (2d Cir.2002) (internal citations omitted). In this case, there is no evidence that Chen was restricted from finding further employment once she was dismissed from her job, and there is insufficient evidence that her dismissal was a threat to her life or freedom. Accordingly, the IJ reasonably determined that the incidents Chen experienced in China did not rise to the level of persecution, either individually or in the aggregate.

As to future persecution, we start by noting that the BIA did not apply the wrong standard of law. Although Chen is correct that the standard is "reasonable possibility," *see* 8 C.F.R. § 208.13(b)(2)(i)(B), and not "reasonable likelihood," there is no indication that the BIA's use of the words "likely" or "likelihood" were erroneous. The BIA appeared to use a standard synonymous to the one set forth in the regulations, and Chen has failed to demonstrate otherwise.

■ We disagree with the IJ, however, regarding Chen's well-founded fear of persecution based on her Falun Gong practice. The IJ correctly notes that the background materials submitted into the record indicate that leaders of the Falun Gong movement are being sought for persecution, but they do not directly address whether ordinary practitioners are subject to persecution. Chen argues, however, that the IJ would have reached a different conclusion had he considered the U.S. Department of State reports, which were not submitted into the record. Chen correctly asserts that the burden of production is shared with the government. *Qun Yang v. McElroy*, 277 F.3d 158, 163 (2d Cir.2002); *see also Matter of S–M–J–*, 21 I. & N. Dec. 722, 727 (BIA 1997). IJs also have a responsibility to enter into evidence any documentation that supports their findings. *Matter of S–M–J–*, 21 I. & N. Dec. at 727. When background information is essential, and background information is not placed in the record by either party, the IJ has an obligation to establish the record before ruling on the merits of an asylum claim. *Id.* at 728. Despite the fact that U.S. Department of State reports have become a standard document in asylum cases, *see Yan Chen v. Gonzales*, 417 F.3d 268, 274–75 (explaining the importance of reviewing country reports in asylum cases), none of the parties sought to enter any of these reports into the record. We therefore find that, in this case, the IJ erred in deciding Chen's Falun Gong claim without considering the information in these reports regarding the treatment of Falun Gong practitioners in China. In particular, the IJ erred in declining to explain why Chen's fear of future persecution was objectively unreasonable given the language in the 2003 U.S. Department of State Country Report on Human Rights Practices for China stating that "[s]ince the government banned the Falun Gong in 1999, the mere belief in the discipline (even without any public manifestation of its tenets) has been sufficient grounds for practitioners to receive punishments ranging from loss of employment to imprisonment."

In addition, the IJ erred in assuming that Chen would be able to avoid persecution in China by relocating within China or by practicing Falun Gong in her home. Even if Chen did not face persecution in the past because she practiced privately, it does not diminish the possibility that the Chinese government would discover her.

Moreover, there is nothing in the record to indicate that persecution of Falun Gong practitioners only occurs in certain parts of China. Accordingly, we remand Chen's case to the BIA for further consideration of her Falun Gong well-founded fear claim in light of the most recent country reports.

■ Chen does not assert that she suffered past persecution in China under the family planning policy, but she does argue that the IJ erred in finding that she did not have a well-founded fear of persecution based on the birth of her child in the United States. The IJ correctly stated that there is no evidence in the record indicating that Chen would be persecuted under the family planning policy for having one child in the United States. The materials only discuss penalties for individuals who have had more than one child; since Chen has had only one child, there is no indication that she would be persecuted under the family planning policy. Accordingly, the IJ's finding that Chen failed to prove she had a well-founded fear of persecution based on the birth of her child in the United States is supported by substantial evidence. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005).

Similarly, the evidence does not compel a finding that it is more likely than not Chen will be persecuted or tortured on account of her Falun Gong practice or because she had one child born in the United States. With respect to her illegal departure claim, the IJ reasonably determined that Chen failed to prove she would be tortured upon her return to China because she left the country illegally. There is simply insufficient evidence in the record indicating that individuals who depart China illegally are more likely than not to be tortured. Accordingly, the IJ's denial of Chen's withholding of removal and CAT claims is supported by substantial evidence.

For the foregoing reasons, the petition for review is GRANTED in part, DENIED in part, the BIA's decision is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).